■ In the Matter of PHYLLIS TOBEY, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.— Determination suspending petitioner's license as a real estate salesman for a period of six months commencing February 10, 1969, for untrustworthiness (Real Property Law, § 441-c, subd. 1) unanimously modified, on the law and in the exercise of discretion, to the extent of reducing the penalty imposed to a period of suspension effective February 10, 1969 to and including May 7, 1969. As so modified, respondent's determination is otherwise confirmed, without costs and without disbursements to either party. The determination finding petitioner guilty of untrustworthiness is supported by substantial evidence. However, under the facts and circumstances here present we deem the penalty too severe and disproportionate to the offense, and conclude that a suspension for the period indicated is more appropriate (*Matter of Black* v. *Lomenzo*, 31 A D 2d 908; *Matter of Bovino* v. *Scott*, 22 N Y 2d 214; CPLR 7803, subd. 3; 7806). Concur — Stevens, P. J., Tilzer, McGivern, McNally and Macken, JJ.

■ BEVERLY BRENNAN et al., v. GULL CONTRACTING Co., INC., et al.— Motion to dismiss appeal granted, with $10 costs. Concur — McGivern, J. P., McNally and Steuer, JJ.; Nunez, J., concurs on constraint of *Brennan* v. *Gull Contr. Co.* (32 A D 2d 755).

■ BEVERLY BRENNAN et al., v. TULLY & DI NAPOLI, INC., et al.— Motion for reargument denied, with $10 costs. Concur — McGivern, J. P., McNally and Steuer, JJ.; Nunez, J., concurs on constraint of *Brennan* v. *Gull Contr. Co.* (32 A D 2d 755).

## (October 14, 1969)

■ In the Matter of the Arbitration between SAM ROSEN et al., Respondents, and HARRY C. STEIGMAN et al., Appellants.— Order entered June 4, 1969, recalling the prior order of January 24, 1969, directing an inspection of the corporate books and records, and holding in abeyance until such inspection has been had, the question of the appointment of a third arbitrator, is unanimously affirmed, without costs or disbursements. In affirming, we conclude that the petitioners are entitled to discovery and inspection as directed and in so holding, we disregard any question as to the form of the proceeding (see CPLR 103, subd. [c]; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 103.08, p. 1-49; *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.*, 24 N Y 2d 400, 408). Inasmuch as the matter of the appointment of a third arbitrator is reserved for future application, we do not reach the other questions presented by either party. In view of the foregoing, the order dated January 22, 1969 stands vacated; the appeal therefrom is dismissed as moot, without costs or disbursements. Concur — Stevens, P. J., Eager, Markewich, Nunez and Macken, JJ.